**STATE OF RHODE ISLAND**
**PROVIDENCE, SC.**

**SUPERIOR COURT**

| | | |
|---|---|---|
| **NED STEVENS ADVERTIZING, INC.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **P.C.-07-1775** |
| | : | |
| **JOHN LACE, THE UNITED STATES OF AMERICA (DEPARTMENT OF THE INTERNAL REVENUE SERVICE) MARK ADAMS, Treasurer of THE TOWN OF BURRIVILLE, *(sic),* ADELITA S. OREFICE, Director of THE RHODE ISLAND DEPARTMENT OF LABOR & TRAINING, BEVERLY NAJARIAN, Director of THE RHODE ISLAND DEPARTMENT OF ADMINISTRATION – DIVISION OF TAXATION, COFFEY MUSIC CO., INC., PATRICIA MCGUIRE and PLYMOUTH MCHALE, LLC** | : | |
| | : | |
| **Defendants.** | : | |

2007 MAY -8 P 12:44

## ANSWER AND CLAIM OF TAX ADMINISTRATOR

**FACTS:**

Now comes David M. Sullivan, Administrator for the State of Rhode Island, (Tax Administrator), and head of the Rhode Island Division of Taxation, (Tax Division), a lien holding claimant, by and on behalf of Beverly Najarian, Director of the Rhode Island Department of Administration, through his attorney, to file the within Claim in response to the

Complaint, served on April 25, 2007, regarding the property foreclosed upon by the Plaintiff, mortgage holder, as follows:

In the Complaint, paragraphs, 1, 2, 3, 4, and 5, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraph 6, the Tax Administrator admits the averments in this paragraph, to the extent that Defendant, Beverly Najarian is the Director of Rhode Island Department of Administration. In all other respects, the allegations averred in this paragraph are denied.

In the Complaint, paragraphs, 7, 8, 9, and 10, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraphs 11, 12, 13, 14, 15, and 16, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraphs, 17, and 18, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraph 19, the Tax Administrator admits the allegations averred in this paragraph.

In the Complaint, paragraph 20, to the extent that this referenced lien was a re-filing and update of the lien referenced in paragraph 19, this allegation is admitted. In all other respects the allegations averred in this paragraph, are denied.

In the Complaint, paragraphs, 21, 22, 23, 24, and 25, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraphs, 26, the Defendant re-alleges, re-avers and incorporates by reference, herein, the averments and denials as set forth in response to paragraphs 1 through 25, in their entirety, as if set forth in full.

In the Complaint, paragraph 27, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

By way of claim and response, the Tax Division issued lien No. 02939, recorded on October 23, 1996 as against John Lace for delinquent payroll withholding taxes for calendar years 1996 and prior calendar years, while doing business.

By way of claim and response, the Tax Division issued lien No. 04557, recorded on October 3, 2002, re-filing and reiterating the claim as against John Lace for delinquent payroll withholding taxes, for calendar years 1996 and prior calendar years.

At the present time with the continuing statutory interest and penalty accruals since levy, this lien is currently $ 3933.52.

**DEFENSE:**

As this Honorable Court is aware, the Superior Court is without subject matter jurisdiction over state tax matters, and the exhausting of administrative remedies is an essential pre-requisite for judicial review of any state tax matter. R. I. Gen. Laws §§ 8-8-8 (6); 8-8-24. *Owner-Operators Independent Driver's Association v. State,* 541 A.2d. 69, (R. I. 1988); and, *International Packaging Corp. v. Mayer,* 715 A.2d. 636, (R. I. 1998). Insofar as the within action is limited to determining the extent or priority of the respective parties claims against the sale proceeds of the property which was subject to foreclosure, the Tax Administrator is without jurisdictional and procedural objection. However, in the event that any subsequent proceedings may entail a collateral attack upon the validity of a state tax liability or the propriety of the state tax lien arising there under, the gravamen of this action would become a state tax dispute, and not subject to the jurisdiction of this Court. Accordingly, out of an abundance of caution, the Tax Administrator reserves his rights by raising the Affirmative Defenses of lack of subject matter jurisdiction, RCP Rule 12 (b)(1); failure to state a claim upon which relief can be granted, RCP Rule 12(b)(6); and, those of Statute of Limitations, *res judicata*, and collateral estoppel.

Respectfully submitted,

DAVID M. SULLIVAN, TAX ADMINISTRATOR
On Behalf of BEVERLY NAJARIAN, Director of
THE DEPARTMENT OF ADMINISTRATION,
By His Attorney,

Gerald F. McAvoy, Esq. (Bar No. 2639)
R. I. DIVISION OF LEGAL SERVICES
One Capitol Hill, Providence, R. I. 02908-5890
Phone: (401)-222-6272
Fax: (401)-222-8244

**CERTIFICATION**

I hereby Certify that I caused a true copy of the within Claim to be mailed, first class, postage prepaid, to James Moretti, Esq. of Resnick & Caffrey, 300 Centerville Road, # 300W , Warwick, R. I. 02886, on this 8th day of May, 2007.

Judith A. D'Agnenica