**IN THE UNITED STATES OF AMERICA**
**FOR THE DISTRICT OF RHODE ISLAND**

**NED STEVENS ADVERTISING, INC.**

**V** **CA No. 07 CV 189**

**JOHN LACE, THE UNITED STATES OF AMERICA (DEPARTMENT OF THE INTERNAL REVENUE SERVICE), MARK ADAMS, Treasurer of THE TOWN OF BURRIVILLE, ADELITA S. OREFICE, Director of THE RHODE ISLAND DEPARTMENT OF LABOR & TRAINING, BEVERLY NAJARIAN, Director of THE RHODE ISLAND DEPARTMENT OF ADMINISTRATION – DIVISION OF TAXATION, COFFEY MUSIC CO., INC., PATRICIA MCGUIRE and PLYMOUTH MCHALE, LLC**

## FIRST AMENDED COMPLAINT TO INTERPLEAD SURPLUS FUNDS

Now comes plaintiff and pursuant to Super. R. Civ. P. 15, hereby states as its first amended complaint:

### Parties and Jurisdiction

1. Plaintiff Ned Stevens Advertising is a duly formed RI corporation with a place of business in Cranston, RI.

2. Defendant John Lace, is upon information and belief, a resident of the Town of Burrillville, RI.

3. Defendant United States of America, Department of the Internal Revenue Service is a United States government agency within the United States Department of the Treasury.

4. Defendant Mark Adams is the Treasurer of the Town of Burrillville, a duly formed municipality in the State of Rhode Island. This suit is brought in that capacity.

5. Defendant Adelita S. Orefice, is the Director of the Rhode Island Department of Labor and Training, a duly formed agency of the State of Rhode Island. This suit is brought in that capacity.

6. Defendant Beverly Najarian, is the Director of the Rhode Island Department of Administration – Division of Taxation, a duly formed agency of the State of Rhode Island. This suit is brought in that capacity.

7. Defendant Coffey Music Co., Inc. is a duly formed Massachusetts corporation in Norwood, MA and a judgment creditor of plaintiff.

8. Defendant Patricia McGuire is a resident of Glocester, RI and a judgment creditor of plaintiff.

9. Defendant Plymouth McHale, LLC is a duly formed RI LLC and purchased the property which is the subject matter of this complaint at a foreclosure sale on 11/17/06.

10. This court has jurisdiction over this matter pursuant to Rule 22 and Rule 57 of the Superior Court Rules of Civil Procedure and The Rhode Island Declaratory Judgment Act, GL δ 9-30-1, et seq..

**<u>Facts/Travel</u>**

11. On or about 6/7/95, defendant John Lace purchased certain real property located at 44 River Street, Harrisville RI 02830 and also known as AP 142, Lot 22 in the Town of Burrillville's Land Evidence Records, from Valiere's Oil Service, Inc..

12. Pursuant to that sale, defendant John Luce executed a promissory note to Valieire Oil Service, Inc. that was secured by granting a mortgage to Valiere Oil Service, Inc., against the property. That mortgage was recorded on 6/7/95 in the Town of Burrillville's Land Evidence Records at Book 283 Page 859.

13. On 5/13/03, Valiere Oil Service, Inc. through its successor in interest, Valmart, Inc. duly assigned all of its right, title and interest in that promissory note and mortgage to plaintiff, Ned Stevens Advertising, Inc.. The assignment was duly recorded on 5/20/03 in the Town of Burrillville's Land Evidence Records at Book 283 Page 859.

14. Plaintiff Ned Stevens Advertising, Inc. then lawfully brought proceedings to foreclose on the mortgage because defendant

John Lace had defaulted of the promissory note and mortgage as set forth in paragraph 12 of this complaint.

15. A foreclosure sale was held on 11/17/06 and the property was purchased for the amount of $101,000.00 by a company called Plymouth McHale, LLC, a duly formed Limited Liability Company in the State of RI.

16. Plaintiff accepted the highest bid of $101,000.00, from the foreclosure sale. Plaintiff was owed the amount of $88,383.68 pursuant to the foreclosure sale. It is itemized as follows:

a. $78,451.00 for principal;
b. $3,120.00 for interest;
c. $2,800.00 for attorney fees (including bringing this action)
d. $2,461.68 for advertising;
e. $440.00 for court costs; and,
f. $1,111.00 for the auctioneer's fee.

A surplus of amount of funds for the amount of $12,616.32 now exists.

**The Other Creditors in Line**

17. The defendant United States of America, Department of the Internal Revenue Service recorded three Notices of Federal Tax Liens against the property. They are:

a. Notice of Federal Tax Lien Serial No. 60184254 on 6/29/01 for the amount of $53,599.52 and recorded on 7/5/01 at Book AB2, Page 48.
b. Notice of Federal Tax Lien Serial No. 60184254 on 1/11/02 for the amount of $53,599.52 and recorded on 1/16/02.
c. Notice of Federal Tax Lien Serial No. 240361805 on 7/28/05 for the amount of $2,579.83 and recorded 8/5/05 at Book 440, Page 169.

18. The defendant Town of Burrillville has issued a Municipal Lien Certificate for RP Tax Roll Assessments for 2004-2006 for the amount of $1,724.34.

19. The defendant Rhode Island Department of Employment & Training recorded a Notice of Tax Lien against the property on 10/23/96.

20. The defendant Rhode Island Department of Administration –

Division of Taxation Employer Tax Section, recorded a Notice of Tax Lien against the property on 10/3/02.

21. The defendant Coffey Music Co., Inc. recorded an execution on a judgment against the property on 1/4/01 for the amount of $857.78 pursuant to a case filed in the Rhode Island District Court titled, Coffey Music Co., Inc. v John K. Lace File No. 00-5801, in the Sixth Division District Court, Small Claims Division.

22. Defendant Patricia McGuire recorded an execution on a judgment against the property on 4/23/03 at Book AB2, Page 53 for the amount of $81,264.02 pursuant to a case filed in the Rhode Island Superior Court titled Patricia McGuire v Granite Developments, Inc., John K. Lace, Thomas Mainville and Brian Lombardi, CA No. 98-2219 in the Providence County Superior Court.

23. Defendant Plymouth McHale LLC is a duly formed Rhode Island Limited Liability Company and purchased the property at issue at the foreclosure sale.

24. Plaintiff has given all due notice of the foreclosure proceedings to all parties so-entitled and the property subject was sold at a foreclosure sale on for $101,000.00. Plaintiff is owed $88,383.68 and has a priority position to realize these proceeds from the sale and has an excess funds of $12,616.32.

25. The Department of the Internal Revenue Service had issued a Notice of Levy concerning the funds.

**COUNT I**

**INTERPLEAD SURPLUS FUNDS REALIZED FROM FORECLOSURE SALE**

26. Plaintiff repeats paragraphs 1-25 of this complaint.

27. Plaintiff seeks that the court order and allow plaintiff to interplead the balance of the surplus funds of $12,616.32 realized from the foreclosure sale and order the defendants to respond to this action to claim any right, title and/or interest in the proceeds and discharge the plaintiff from any further liability in disbursing the said amount to anyone of interest.

WHEREFORE plaintiff seeks an order from the court allowing it to interplead all excess funds received from the foreclosure sale after

plaintiff is satisfied and discharge plaintiff from any liability for the future disbursements.

/s/ James Moretti

James Moretti (#5092)
Resnick & Caffrey
300 Centerville Road, #300W
Warwick, RI 02886
738-4500