**IN THE UNITED STATES OF AMERICA
FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **NED STEVENS ADVERTIZING, INC.,** | : | |
| **Plaintiff,** | : | |
| **vs.** | : | **C.A. No. 07 CV 189** |
| **JOHN LACE, THE UNITED STATES OF AMERICA (DEPARTMENT OF THE INTERNAL REVENUE SERVICE) MARK ADAMS, Treasurer of THE TOWN OF BURRIVILLE, *(sic)*, ADELITA S. OREFICE, Director of THE RHODE ISLAND DEPARTMENT OF LABOR & TRAINING, BEVERLY NAJARIAN, Director of THE RHODE ISLAND DEPARTMENT OF ADMINISTRATION – DIVISION OF TAXATION, COFFEY MUSIC CO., INC., PATRICIA MCGUIRE and PLYMOUTH MCHALE, LLC** | : | |
| **Defendants.** | : | |

**ANSWER AND CLAIM OF TAX ADMINISTRATOR
TO FIRST AMENDED COMPLAINT TO INTERPLEAD SURPLUS
FUNDS IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND**

**ANSWER:**

Now comes David M. Sullivan, Administrator for the State of Rhode Island, (Tax Administrator), and head of the Rhode Island Division of Taxation, (Tax Division), a lien holding claimant, by and on behalf of Beverly Najarian, Director of the Rhode Island Department of Administration, through his attorney, to file the within Claim in response to the

Complaint, removed to the Judicial District of Rhode Island, United States District Court, originally served on April 25, 2007, and re-submitted again to the State of Rhode Island, Department of Administration, Beverly Najarian, Director, on or about July 9, 2007, regarding the property foreclosed upon by the Plaintiff, mortgage holder, as follows:

In the Complaint, paragraphs, 1, 2, 3, 4, and 5, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraph 6, the Tax Administrator admits the averments in this paragraph, to the extent that Defendant, Beverly Najarian is the Director of Rhode Island Department of Administration. In all other respects, the allegations averred in this paragraph are denied.

In the Complaint, paragraphs, 7, 8, 9, and 10, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraphs 11, 12, 13, 14, 15, and 16, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraphs, 17, and 18, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraph 19, the Tax Administrator admits the allegations averred in this paragraph.

In the Complaint, paragraph 20, to the extent that this referenced lien was a re-filing and update of the lien referenced in paragraph 19, this allegation is admitted. In all other respects the allegations averred in this paragraph, are denied.

In the Complaint, paragraphs, 21, 22, 23, 24, and 25, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

In the Complaint, paragraphs, 26, the Defendant re-alleges, re-avers and incorporates by reference, herein, the averments and denials as set forth in response to paragraphs 1 through 25, in their entirety, as if set forth in full.

In the Complaint, paragraph 27, the Tax Administrator is without sufficient knowledge to respond to these averments in these paragraphs, and will therefore await the Plaintiff, to offer proof in its case in chief.

**CLAIM AND RESPONSE:**

By way of claim and response, the Tax Division issued lien No. 02939, recorded on October 23, 1996 as against John Lace for delinquent payroll withholding taxes for calendar years 1996 and prior calendar years, while doing business.

By way of claim and response, the Tax Division issued lien No. 04557, recorded on October 3, 2002, re-filing and reiterating the claim as against John Lace for delinquent payroll withholding taxes, for calendar years 1996 and prior calendar years.

At the present time with the continuing statutory interest and penalty accruals since levy, this lien is currently $ 3933.52.

**DEFENSE:**

As this Honorable Court is aware, the United States District Court is without subject matter jurisdiction over state tax matters, and the exhausting of administrative remedies is an essential pre-requisite for judicial review of any state tax matter. R. I. Gen. Laws §§ 8-8-8 (6); 8-8-24. *Owner-Operators Independent Driver's Association v. State*, 541 A.2d. 69, (R. I. 1988); and, *International Packaging Corp. v. Mayer*, 715 A.2d. 636, (R. I. 1998). Insofar as the within action is limited to determining the extent or priority of the respective parties claims against the sale proceeds of the property which was subject to foreclosure, the Tax Administrator is without jurisdictional and procedural objection. However, in the event that any subsequent proceedings may entail a collateral attack upon the validity of a state tax liability

or the propriety of the state tax lien arising there under, the gravamen of this action would become a state tax dispute, and not subject to the jurisdiction of this Court. Accordingly, out of an abundance of caution, the Tax Administrator reserves his rights by raising the Affirmative Defenses of lack of subject matter jurisdiction, FRCP Rule 12 (b)(1); failure to state a claim upon which relief can be granted, FRCP Rule 12(b)(6); and, those of Statute of Limitations, *res judicata*, and collateral estoppel.

Respectfully submitted,

DAVID M. SULLIVAN, TAX ADMINISTRATOR
On Behalf of BEVERLY NAJARIAN, Director of
THE DEPARTMENT OF ADMINISTRATION,
By His Attorney,

____________________________________

Gerald F. McAvoy, Esq. (Bar No. 2639)
R. I. DIVISION OF LEGAL SERVICES
One Capitol Hill, Providence, R. I. 02908-5890
Phone: (401)-222-6272
Fax: (401)-222-8244

**CERTIFICATION**

I hereby Certify that I caused a true copy of the within Answer, Claim and Response to be mailed, first class, postage prepaid, to the following Counsel of Record, and named Individuals:

James Moretti, Esq. of Resnick & Caffrey,
300 Centerville Road, # 300W, Warwick, R. I. 02886,

AUSA Dulue Donavan, Esq.
Office of the U.S. Attorney 50 Kennedy Plaza – 8th Floor
Providence, R.I. 02903,

Wendy Kisch, Esq.
USDOJ
P.O. Box 55 – Ben Franklin Station
Washington, DC 20044,

John Lace
44 River Street
Harrisville, R.I. 02830,

Mark Adams, Treasurer,
Town of Burrillville
105 Harrisville Main Street
Harrisville, R.I. 02830,

Adelita S. Orefice. Director
Rhode Island Department of Labor & Training
Center General Complex
1511 Pontiac Avenue
Cranston, R.I. 02920,

Plymouth HcHale, LLC
c/o Richard W. Nicholson
931 Jefferson Boulevard, Suite 2008
Warwick, R.I. 02886,

Patricia McGuire
1392 Burnt Oak Street
Tarpon Springs, FL 34689-3830,

Steven Musen, Esq.
Neil Lynn, Esq.
P.O. Box 8645
Warwick, R.I. 02888, and

Neill B. Lyon
Hodosh & Lyon, Inc.
1023 Post Road
Warwick, R.I. 02888,

on this __________day of July, 2007.

___________________________________