IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| NED STEVENS ADVERTISING, INC., Plaintiff, v. JOHN LACE; THE UNITED STATES OF AMERICA (DEPARTMENT OF THE INTERNAL REVENUE); MARK ADAMS, TREASURER OF THE TOWN OF BURRILLVILLE; ADELITA S. OREFICE, DIRECTOR OF THE RHODE ISLAND DEPARTMENT OF LABOR & TRAINING; BEVERLY NAJARIAN, DIRECTOR OF THE RHODE ISLAND DEPARTMENT OF ADMINISTRATION - DIVISION OF TAXATION; COFFEY MUSIC CO., INC.; PATRICIA MCGUIRE and PLYMOUTH MCHALE, LLC, Defendants. | ) | Civil No. 07-189-ML<br>Honorable Judge Mary M. Lisi |

UNITED STATES' STATEMENT PURSUANT TO LOCAL RULE 16(c)

The United States submits this statement pursuant to Local Rule 16(c) asserting its position that it is entitled to a portion of the interpleader fund.

FACTS

This action was commenced to seek a judicial determination of the competing claims to a surplus fund resulting from the plaintiff's sale of the real property at 44 River Street, Harrisville, Rhode Island 02830 upon foreclosure of its mortgage. The property was originally purchased by defendant, John Lace in 1995. Mr. Lace secured a promissory note to Valiere Oil Service, Inc., by granting Valiere Oil Service, Inc., a mortgage. Valiere Oil Service, Inc., later assigned its interest to plaintiff, Ned Stevens Advertising, Inc.

The foreclosure sale resulted in $101,000.00, from which Ned Stevens Advertising took the following: $78,451.00 for principal, $3,120.00 for interest, $2,800.00 for attorney fees, $2,461.68 for advertising, $440.00 for court costs, and $1,111.00 for the auctioneer's fee, for a total of $88,383.68, leaving $12,616.32 as surplus. The defendant parties claim an interest in the fund, and those interests must be ordered and determined.

THE UNITED STATES' POSITION

A. Interpleader Fund

The United States has three outstanding federal tax liens against the property. A federal tax lien arises at the time the IRS makes an assessment for unpaid taxes, and extends to "all property and rights to property, whether real or personal, belonging to" such person at the time the assessment is made. The lien continues to attach to the property until the amount of liability set forth in the assessment is satisfied. 26 U.S.C. §§ 6321, 6322. The United States' liens were recorded on January 16, 2002, August 9, 2005, and February 13, 2007. The amount of the first lien was recorded in the amount of $53,599.52. Because that amount exceeds the fund left in the interpleader, the second and third liens are not at issue. The United States will produce certificates of assessment quantifying the amount owed.

From their Answers and in discussions with counsel, the United States understands that the following parties presently assert a claim on the fund: the Rhode Island Department of Administration - Division of Taxation, which claims an amount of $3,933.52; the Town of Burrillville which claims $1,724.34; and Coffey Music Co., Inc. which claims $1,555.97. The listed figures may not account for interest owed. Congress created a hierarchy of priorities

recognizing that certain interests be satisfied prior to federal tax liens. 26 U.S.C. § 6323. It is the position of the United States that its interest primes some others involved and thus, is entitled to a portion of the funds.

The United States believes that the parties involved ought to be able to resolve the matter by conducting limited discovery. Following the exchange of documents and confirmation of the recording and perfecting dates of each party's lien, we anticipate that a stipulation should resolve the matter.

B. Attorney's Fees

In its answer, the United States asserts that the interpleader fund of $12,616.32 is not complete. Following the foreclosure sale of the property, the plaintiff, Ned Stevens Advertising, Inc., took $88,383.68 from the $101,000.00. In calculating that amount, Ned Stevens Advertising, Inc., accounted for $2,800.00 of attorney's fees including those incurred to bring this action. To the extent that fees attributable to this interpleader action would reduce the amount the United States is otherwise paid, the United States asserts that the plaintiff should be required to add that amount to the interpleader fund.

The provisions of the Internal Revenue Code that establish the federal tax lien, 26 U.S.C. §§ 6321 and 6322, prohibit an award of attorney's fees when that award diminishes the amount recoverable by the United States under its prior federal tax lien. *Cable Atlanta, Inc. v. Project, Inc.*, 749 F.2d 626, 627 (11th Cir. 1984).

The United States will not challenge the award of attorney's fees so long as they do not diminish the amount the United States would otherwise receive pursuant to its federal tax lien.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Andrea A. Kafka
ANDREA A. KAFKA
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7932
Andrea.Kafka@usdoj.gov

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing UNITED STATES STATEMENT PURSUANT TO LOCAL RULE 16(c) has been made upon the following via ECF or by depositing a copy in the United States mail, postage prepaid, this 7th day of November, 2007:

James Moretti, Esquire
Resnick & Caffrey
300 Centerville Road, #300W
Warwick, Rhode Island 02886

Neill B. Lyon, Esquire
Hodosh, Lyon & Hammer, Ltd.
1023 Post Road
Warwick, Rhode Island 02888

Steven H. Musen, Esquire
Hodosh, Lyon & Hammer, Ltd.
1023 Post Road
Warwick, Rhode Island 02888

Adelita Orefice, Director
RI Department of Labor & Training
Center General Complex
1511 Pontiac Avenue
Cranston, RI 02920

Plymouth McHale, LLC
c/o Richard Nicholson, Esquire
931 Jefferson Boulevard
Suite 2008
Warwick, RI 02886

Gerald F. McAvoy, Esquire
Department of Administration
Office of Legal Services
One Capitol Hill
Providence, RI 02908

Russell D. Raskin, Esquire
Raskin and Berman
116 E. Manning Street
Providence, RI 02906

Mark Adams, Treasurer
Town of Burrillville
105 Main Street
Harrisville, RI 02830

Patricia McGuire
1392 Burnt Oak Street
Tarpon Springs, FL 34689

Ly Nguyen, Esquire
Office of the United States Attorney
50 Kennedy Plaza - 8th Floor
Providence, RI 02903

/s/ Andrea A. Kafka
ANDREA A. KAFKA
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 305-7932