**IN THE UNITED STATES OF AMERICA**
**FOR THE DISTRICT OF RHODE ISLAND**

**NED STEVENS ADVERTISING, INC.**

**V** **CA No. 07 CV 189**

**JOHN LACE, et al**

**PLAINTIFF'S STATEMENT OF FACTS AND ISSUES**

**Introduction / Travel**

The plaintiff was assigned all the right title and interest in a promissory note that was secured by a mortgage on certain real property located at 44 River Street, Harrisville, RI 02830 and also known as AP 142, Lot 22 in the Town of Burrillville's Land Evidence Records. After the mortgagor defaulted, plaintiff brought foreclosure proceedings on 11/17/06. The validity of the foreclosure is not contested. A small surplus of funds was realized from the foreclosure sale. Numerous creditors had recorded claims against the property prior to the foreclosure. Plaintiff filed a state court action to interplead those surplus funds.

**Facts**

1. On or about 6/7/95, defendant John Lace purchased certain real property located at 44 River Street, Harrisville RI 02830 and also known as AP 142, Lot 22 in the Town of Burrillville's Land Evidence Records, from Valiere's Oil Service, Inc..

2. Pursuant to that sale, defendant John Luce executed a promissory note to Valieire Oil Service, Inc. that was secured by granting a mortgage to Valiere Oil Service, Inc., against the property. That mortgage was recorded on 6/7/95 in the Town of Burrillville's Land Evidence Records at Book 283 Page 859.

3. On 5/13/03, Valiere Oil Service, Inc. through its successor in interest, Valmart, Inc., assigned all of its right, title and interest in that promissory note and mortgage to plaintiff, Ned Stevens Advertising, Inc.. The assignment was recorded on 5/20/03 in the Town of Burrillville's Land Evidence Records at Book 283, Page 859.

4. Plaintiff Ned Stevens Advertising, Inc. then brought proceedings to foreclose on the mortgage because defendant John Lace had defaulted of the promissory note and mortgage.

5. A foreclosure sale was held on 11/17/06 and the property was purchased for the amount of $101,000.00 by a company called Plymouth McHale, LLC.

6. Plaintiff accepted the highest bid of $101,000.00, from the foreclosure sale. Plaintiff was owed the amount of $88,383.68 pursuant to the foreclosure sale. It is itemized as follows:

a. $78,451.00 for principal;
b. $3,120.00 for interest;
c. $2,800.00 for attorney fees (including commencing this action)
d. $2,461.68 for advertising;
e. $440.00 for court costs; and,
f. $1,111.00 for the auctioneer's fee.

At the time of filing, the surplus of funds was $12,616.32.

7. Plaintiff's legal fees and expenses continue to accrue.

8. At the time of the foreclosure, there were other creditors who had claims against the property. They are as follows:

(A) The defendant United States of America, Department of the Internal Revenue Service recorded three Notices of Federal Tax Liens against the property. They are:

a. Notice of Federal Tax Lien Serial No. 60184254 on 6/29/01 for the amount of $53,599.52 and recorded on 7/5/01 at Book AB2, Page 48.
b. Notice of Federal Tax Lien Serial No. 60184254 on 1/11/02 for the amount of $53,599.52 and recorded on 1/16/02.
c. Notice of Federal Tax Lien Serial No. 240361805 on 7/28/05 for the amount of $2,579.83 and recorded 8/5/05 at Book 440, Page 169.

(B) The defendant Town of Burrillville has issued a Municipal Lien Certificate for RP Tax Roll Assessments for 2004-2006 for the amount of $1,724.34.

(C) The defendant Rhode Island Department of Employment & Training recorded a Notice of Tax Lien against the property on 10/23/96.

(D) The defendant Rhode Island Department of Administration –Division of Taxation Employer Tax Section, recorded a Notice of Tax Lien against the property on 10/3/02.

(E) The defendant Coffey Music Co., Inc. recorded an execution on a judgment against the property on 1/4/01 for the amount of $857.78 pursuant to a case filed in the Rhode Island District Court titled, Coffey Music Co., Inc. v John K. Lace File No. 00-5801, in the Sixth Division District Court, Small Claims Division.

(F) Defendant Patricia McGuire recorded an execution on a judgment against the property on 4/23/03 at Book AB2, Page 53 for the amount of $81,264.02 pursuant to a case filed in the Rhode Island Superior Court titled Patricia McGuire v Granite

Developments, Inc., John K. Lace, Thomas Mainville and Brian Lombardi, CA No. 98-2219 in the Providence County Superior Court.

9. Defendant Plymouth McHale LLC is a duly formed Rhode Island Limited Liability Company and purchased the property at issue at the foreclosure sale.

10. Plaintiff gave due notice of the foreclosure proceedings to all parties so-entitled and the property subject was sold at a foreclosure sale on for $101,000.00. Plaintiff was owed $88,383.68 and had a priority position to realize these proceeds from the sale. A surplus of $12,616.32 existed after the sale.

**Legal Issues**

1. Plaintiff is entitled to interplead the balance of the surplus funds realized from the foreclosure sale, be awarded further fees and costs, and be discharged from any further duties or liability in the defendants claim to any right, title and/or interest in the surplus proceeds.

/s/ James Moretti

James Moretti (#5092)
Resnick & Caffrey
300 Centerville Road, #300W
Warwick, RI 02886
738-4500

**CERTIFICATION**

I hereby certify that on 11/7/07, I served all parties were electronically served with a copy of this document through the court's ECF system and that Neil Lyon, Esq./Steven Musen, Esq. 1023 Post Road, PO Box 8645, Warwick, RI 02888 and Patricia McGuire 1392 Burnt Oak Street, Tarpon Springs, FL 34689 were served via us mail.

/s/ James Moretti